IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULINE M. BAILEY, : No. 3:13cv3006
| Administrator of the Estate of Wesley : |
| Sherwood, Jr., : (Judge Munley) |
|           Plaintiff : |
| : |
|     v. : |
| : |
| B.S. QUARRIES, INC.; DAMASCUS 535 : |
| QUARRY AND STONE PRODUCTS, LLC.; : |
| TNT ONE LIMITED PARTNERSHIP; : |
| LIPPMANN MILWAUKEE, INC.; LIPPMANN : |
| QUALITY USED EQUIPMENT; VIRA : |
| CORPORATION TIMOTHY SMITH; and/or : |
| THOMAS BOLLES, : |
|           Defendants : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is Defendants B.S. Quarries, Inc., Thomas Bolles, Damascus 535 Quarry and Stone Products, LLC, Timothy Smith, and TNT One Limited Partnership's (collectively the "B.S. Quarries Defendants") motion (Doc. 149)[1] for reconsideration of our March 31, 2016

---

[1] Defendants' filing is improper under the Local Rules for several reasons. Defendants filed a thirty-nine page "motion" (Doc. 149) and a four page "brief" (Doc. 150) that incorporates the "motion" by reference. Defendants' "motion" contains all of defendants' arguments, including citations to record evidence and case law, and is, for all practical purposes, a brief. Defendants essentially concede this fact, as their "brief" consists of nothing more than a reference to the "motion." Under Local Rule 7.8. a brief is limited to fifteen pages or 5,000 words absent prior authorization from the court. Defendants sought no such authorization, though their de facto brief

Memorandum and Order (Docs. 138, 139) denying in part and granting in part defendants' motions for summary judgment and entering partial summary judgment for plaintiff.  The B.S. Quarries Defendants request, in the alternative, that the court amend its order allowing these defendants to seek immediate appeal.  For the reasons explained below, we will deny this motion.

**A. Motion for Reconsideration**

Initially, the court notes defendants' motion for reconsideration is untimely.  Local Rule 7.10 provides that any motion for reconsideration must be filed within fourteen (14) days after the entry of the order concerned.  The B.S. Quarries Defendants' motion addresses the court's order dated March 31, 2016.  (Doc. 139).  Defendants filed the instant motion on April 29, twenty-nine (29) days after the order it challenges, and thus fifteen days beyond the time allowed by Rule 7.10.

---

numbers thirty-nine pages and includes no word count.  Rule 7.8 requires any brief of greater than fifteen pages to include a table of contents and table of legal authorities; defendants' de facto brief does not.  Finally, Federal Rule of Appellate Procedure 5(c) limits all papers filed under Rule 5, which governs petitions for permission to appeal, to twenty pages.  In the future, the parties are admonished to adhere to the rules governing litigation before this court, including the Local Rules.  The court does not condone a party's attempt to evade page limitations by filing an overlong motion containing all the substance of a brief, and then cursorily referencing that motion in a titular "brief."  Any such noncompliant filings will be summarily stricken from the docket.

Even if we were to consider the merits of the B.S. Quarries Defendants' motion, we would deny it. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Here, the defendants cite to no change in law nor new evidence to justify reconsideration. Defendants' arguments amount to no more than rehashing the issues and positions presented and considered regarding the parties' motions for summary judgment. As defendants present no valid grounds by which to compel reconsideration, and as our reasoning was sound and amply supported by law, we decline to do so.

**B. Interlocutory Appeal**

The B.S. Quarries Defendants, arguing in the alternative, seek to appeal the court's March 31, 2016 order granting in part and denying in part summary judgment motions from all parties. Rule 5 of the Federal Rules of Appellate Procedure provides:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from the entry of the amended order.

FED. R. APP. P. 5(a)(3).

Presently, the defendants move to have the court amend its summary judgment order to include language allowing for immediate appeal. The following three criteria must be met for the court to exercise its discretion to grant an immediate appeal:

> (1) the order must involve a controlling question of law;
>
> (2) there must be substantial ground for difference of opinion as to the order's correctness; and
>
> (3) immediate appeal will materially advance the ultimate termination of the litigation.

Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); see also 28 U.S.C. § 1292(b).

4

The Third Circuit has further explained that "Congress intended that section 1292(b) should be sparingly applied.  It is to be exercised only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."  Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958); Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985).

In the instant matter, the B.S. Quarries Defendants argue the court committed four reversible errors: 1) when it determined that genuine issues of material fact exist regarding the causation element of plaintiff's negligence and punitive damages claims; 2) when it held that Defendants Bolles and Smith can be held liable in their individual capacities; 3) when it held that Defendant Damascus 535 was estopped from asserting workers' compensation immunity; and 4) when it declined to dismiss defendant TNT One Limited Partnership from the case.  We address these arguments in turn.

**1. Causation and Punitive Damages**

As to the first argument, regarding our holding that genuine issues of material fact exist pertaining to the causation element of plaintiff's negligence claims, the determinative Katz factor is the second–substantial ground for

5

difference of opinion as to the order's correctness. We have previously stated:

> Indeed, at this time, none of the defendants contest Benda's methodology, nor challenge his credentials, nor dispute any of the evidence upon which he bases his conclusions. Instead, defendants urge an empty, conclusory argument that Benda's opinion is speculative, and fail to support that argument with the record. From reading their briefs, it seems that in defendants' view, only eyewitness testimony of Sherwood's fall would suffice to establish causation, but that assertion alone does not carry defendant's burden. Thus, we must reject defendants' motions for summary judgement on the issue of causation.

(Doc. 138 at *33).

Further, regarding the punitive damages claims, we stated:

> Plaintiff submits testimony from Mark Baxter to the effect that he and other employees were instructed to clear jams in the crusher in improper and dangerous ways. (Doc. 125-1, Ex. 58, Dep. of Mark Baxter at 99-101). Baxter testified that he complained about these improper and dangerous practices, which required employees to be located "inside the feeder where we're not supposed to be while the crusher is running," and when he complained he was told to "just shut up." (Id. at 101).
> Baxter further testified that when he complained about unsafe practices to Defendant Thomas Bolles, Safety Coordinator Jay Moleneaux, and a supervisor, Chad Fotusky, he was told, "quote, if you don't like it, you can go find another job, close quotes." (Id. at 67). Baxter was required to clear jams without turning off the crusher, instead being told to "keep it running. Just keep it running, and just jump over the hole. Get in there and start throwing the rocks in . . . [a]nd then it will all fall down through." (Id. at 70-71).
> Plaintiff continues to cite a mining expert and another deposition, but for our purposes in this analysis, we can stop here. Clearly, viewed in the light most favorable to plaintiff, Baxter's testimony demonstrates that the B.S. Quarries Defendants knew about the unsafe practices that

> put their employees working on the crusher–including Wesley Sherwood–at risk, and refused to end those practices. Plaintiff's claims for punitive damages against the B.S. Quarries Defendants, therefore, can be presented to a jury.

(Doc. 138 at *36-37).

Because no substantial ground for difference of opinion exists regarding the fact that it would be improper for a trial court to weigh plaintiff's competent evidence at summary judgment, the court will deny defendant's motion for an interlocutory appeal as to causation and punitive damages. The court will allow the fact-finder to weigh this evidence and all relevant testimony regarding these claims.

**2. Individual Liability of Defendants Bolles and Smith**

Second, Defendants seek interlocutory appeal of the court's decision to pierce the corporate veil and retain Defendants Bolles and Smith in the case in their individual capacities. As to this argument, the determining Katz factor is the third–immediate appeal will not materially advance the ultimate termination of the litigation. Defendants Bolles and Smith own the corporate entities that make up the other B.S. Quarries Defendants. Their corporate interests remain involved in this case whether they themselves stand as individual defendants or not. The case would continue even if they were dismissed as defendants, and they would still be involved as the owners and

7

officers of the remaining defendants.  Thus, we cannot find that an interlocutory appeal on this point would materially advance the ultimate termination of the litigation, as it would not eliminate the need for trial nor simplify trial by eliminating any complex issues, as defendants contend. Accordingly, we will deny defendants' motion to certify appealability on this issue.

**3. Estoppel of Worker's Compensation Immunity**

Third, defendants seek permission to appeal our holding that Defendant Damascus 535 is estopped from asserting workers' compensation immunity. Here, the defendants have failed to make the required showing under the second element of the Katz test, as they have identified no substantial ground for difference of opinion as to the order's correctness.  Defendants have put forth no "genuine doubt or conflicting precedent as to the correct legal standard applied to the order at issue."  Bush v. Adams, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009).  Instead, defendants merely re-argue the summary judgment motions.  Defendants' subjective disagreement with our decisions adverse to themselves do not constitute the requisite "substantial ground for difference of opinion."  We will, therefore, deny the motion on this ground.

**4. TNT One Limited Partnership**

Finally, defendants seek interlocutory appeal of the court's decision to leave the question of Defendant TNT One Partnership, Limited's liability to the jury.

Again, the determining factor as to this argument is the third <u>Katz</u> factor–immediate appeal will not materially advance the ultimate termination of the litigation. TNT One is owned by Defendants Bolles and Smith. The case would continue even if TNT One was dismissed as a defendant, and Defendants Smith and Bolles would still be involved as the owners and officers of the remaining defendants. Thus, we cannot find that an interlocutory appeal on this point would materially advance the ultimate termination of the litigation, as it would neither eliminate the need for trial nor simplify trial by eliminating any complex issues, as defendants contend. Accordingly, we will deny defendants' motion to certify appealability on this issue as well.

**Conclusion**

In conclusion, the B.S. Quarries Defendants' motion for reconsideration is untimely, and none of the points they raise in seeking permission for interlocutory appeal poses the kind of exceptional case Congress

contemplated in enacting section 1292(b).  For the above reasons, defendants' motion (Doc. 149) will be **DENIED**.  An appropriate order follows.

**BY THE COURT:**

**DATE:5/2/2016**         **s/ James M. Munley**
              **JUDGE JAMES M. MUNLEY**
              **United States District Court**