# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAULINE M. BAILEY,** | : | No. 3:13cv3006 |
| **Administrator of the Estate of Wesley** | : | |
| **Sherwood, Jr.,** | : | (Judge Munley) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **B.S. QUARRIES, INC.; DAMASCUS 535** | : | |
| **QUARRY AND STONE PRODUCTS, LLC.;** | : | |
| **TNT ONE LIMITED PARTNERSHIP;** | : | |
| **LIPPMANN MILWAUKEE, INC.; LIPPMANN** | : | |
| **QUALITY USED EQUIPMENT; VIRA** | : | |
| **CORPORATION; TIMOTHY SMITH; and/or** | : | |
| **THOMAS BOLLES,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition are the Lippmann Defendants'[1] motion in limine filed in advance of pretrial conference. (Docs. 167). The motion has been fully briefed and is ripe for disposition. The Lippmann Defendants submit five separate issues in their motion, which we address in turn.

---

[1] For ease of reference we adopt the parties' terminology and refer to Defendants B.S. Quarries, Inc., Damascus 535 Quarry and Stone Products, LLC, and TNT One Limited Partnership collectively as the "B.S. Quarries Defendants," and to Defendants Lippmann Milwaukee, Inc., Lippmann Quality Used Equipment, and Vira Corporation collectively as the "Lippmann Defendants."

**I. Robert Turner's Earnings**

One of the issues presented in this case is decedent Wesley Sherwood's potential lifetime earnings. To establish the amount of potential earnings, plaintiff seeks to present an economic expert, Andrew Verzilli, who bases his opinion, at least partially, on the earnings of Lippmann-Milwaukee, Inc.'s President, Robert Turner. The Lippmann Defendants object to plaintiff's expert's use of this evidence. The Lippmann Defendants concede that the companies' financial information would be relevant to a punitive damages claim, if plaintiff has evidence to support such a claim, but argue that, as a non-party, Robert Turner's earnings have no relevance.

Plaintiff responds that Turner's earnings are admissible for calculating future earnings if and when plaintiff produces evidence at trial that Wesley Sherwood may have pursued a similar position to Turner's.

Federal law provides that relevant evidence is generally admissible. FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The law provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

If plaintiff lays a foundation by producing evidence that Wesley Sherwood would have pursued a position similarly-situated to that held by Robert Turner, Turner's salary would be relevant and admissible for the purposes of plaintiff's expert opining on potential future earnings.  The Lippmann Defendants have established no undue prejudice sufficient to invoke Rule 403.  The Lippmann Defendants are free to object at trial should plaintiff fail to lay the appropriate foundation, and to rebut plaintiff's evidence with their own.  Defendants' motion will be denied on this ground.

**II. Lippmann's Finances**

The Lippmann Defendants next move to exclude any mention of their own finances until and unless plaintiff establishes an evidentiary foundation for her punitive damages claim.  They argue that such a claim is the only possible basis upon which this kind of information would be relevant, and would be prejudicial if presented out of context.  Plaintiff agrees that such evidence has relevance only to the issue of punitive damages.

The Lippmann Defendants are, in essence, asking the court to bifurcate

the trial to separate the issue of punitive damages.  Rule 42 of the Federal Rules of Civil Procedure provides for bifurcated trials as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  FED. R. CIV. P. 42(b).  The decision to bifurcate is left in the trial court's discretion and must be decided on a case-by-case basis.  <u>Idzojtic v. Pa. R.R. Co.</u>, 456 F.2d 1228, 1230 (3d Cir. 1972); <u>see also</u> <u>Barr Labs, Inc. v. Abbott Labs</u>, 978 F.2d 98, 105 (3d Cir. 1992) (stating that a district court's decision to bifurcate a trial is reviewed for an abuse of discretion).  In exercising such discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition and economy of resources."  <u>Emerick v. U.S. Suzuku Motor Corp.</u>, 750 F.2d 19, 22 (3d Cir. 1984).

  After careful consideration, we find that the interests of judicial economy, convenience to the parties, witnesses, and jurors, and expedition of the trial of the case weigh against bifurcation.  We are not persuaded that defendants would be unduly prejudiced if the jury hears evidence as to its financial status.  We therefore decline to exercise our discretion under Rule 42(b), and defendants' motion will be denied in this respect as well.

**III. Crusher Manual**

Third, the plaitiff seeks to admit into evidence the Jaw Crushers Installation & Operation Manual for the machine in which Wesley Sherwood died.  The Lippmann Defendants challenge the admissibility of the Manual, arguing it is irrelevant and prejudicial.  Plaintiff claims that the Lippmann Defendants' liability rests, in part, on defects in the Manual.

The Lippmann Defendants assert, relying on deposition testimony from B.S. Quarries Defendants employees, that no one at the decedant's company ever reviewed the Manual, and in particular that Wesley Sherwood was never provided a copy nor instructed to review the Manual.  "Pennsylvania law requires that a plaintiff prove two elements in a products liability action: that the product was defective, and that the defect was the substantial factor in causing the injury." Summers v. Certainteed Corp., 997 A.2d 1152, 1165 (2010), quoting Spino v. John S. Tilley Ladder Co., 696 A.2d 1169, 1172 (Pa. 1997).

Plaintiff responds with deposition testimony from Lippmann Defendants' corporate designee Jeremy Kerber that a representative from Lippmann would have gone over the manual as part of the purchase of the crusher. (Doc. 239, Ex. A).  Clearly, with such evidence, plaintiff can establish grounds

for the jury to consider whether any defects in the Manual constituted a substantial factor in Wesley Sherwood's death.  Thus, the Manual itself is relevant and admissible.

Accordingly, we will deny defendants' motion on this point.

**IV. Photos and Other Evidence Related to January 12, 2015 Site Visit**

On January 12, 2015, the plaintiff's attorney inspected the Lippmann facility in Milwaukee, Wisconsin, taking video and photographs, and requesting security camera footage.  The Lippmann Defendants move under Federal Rule of Evidence 401 to exclude some portion of those photographs and videos, as well as all mention of the parties' activities during the site visit itself.  Defendants identify no specific activities, photographs, or videos, but argue that any that are not directly related to the design and manufacture of the rock crusher at issue should be excluded from trial as irrelevant and prejudicial.  The court can't possibly determine whether a photograph or video is relevant or prejudicial without seeing it or having some information about what it depicts.  Nor can we make such a determination with regard to testimony about activities during the site visit without further information.  We will therefore deny this motion at this time, and instruct the Lippmann Defendants to raise these objections at trial as appropriate.

**Conclusion**

For the reasons set forth above, the Lippmann Defendants' motion in limine (Doc. 167) will be denied.  An appropriate order follows.

                                    **BY THE COURT:**

**DATE:6/14/16**                    **s/ James Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**