IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULINE M. BAILEY, Administrator of the Estate of Wesley Sherwood, Jr., : Plaintiff : : v. : : B.S. QUARRIES, INC.; DAMASCUS 535 QUARRY AND STONE PRODUCTS, LLC.; TNT ONE LIMITED PARTNERSHIP; LIPPMANN MILWAUKEE, INC.; LIPPMANN QUALITY USED EQUIPMENT; VIRA CORPORATION; TIMOTHY SMITH; and/or THOMAS BOLLES, : Defendants : | No. 3:13cv3006  (Judge Munley) |

## MEMORANDUM

Before the court for disposition is the B.S. Quarries Defendants'[1] motion in limine seeking to preclude plaintiff from introducing as evidence at trial the Lanesboro Police Department Report regarding the accident at issue in this case. (Doc. 162). This motion has been fully briefed and is ripe for disposition.

---

[1] For ease of reference we adopt the parties' terminology and refer to Defendants B.S. Quarries, Inc., Damascus 535 Quarry and Stone Products, LLC, and TNT One Limited Partnership collectively as the "B.S. Quarries Defendants," and to Defendants Lippmann Milwaukee, Inc., Lippmann Quality Used Equipment, and Vira Corporation collectively as the "Lippmann Defendants."

Plaintiff seeks to admit the Lanesboro Police Department Report regarding the accident that resulted in Wesley Sherwood's death. Lanesboro Police Officer Michael DeVries, as the first responder to the scene, filed a one page Report regarding the accident on December 15, 2011. Officer DeVries reported that unidentified B.S. Quarries Defendants employees, coworkers of the victim, spoke with him at the scene: "Mr. Sherwood, they believe, was trying to unjam a rock with his foot. They were not 100% sure, but that's what they (sic) what happened." Officer DeVries testified at deposition that he cannot identify the employees who made those statements.

The B.S. Quarries Defendants argue that the Report should be precluded from trial. Specifically, they argue the Report contains hearsay statements made by B.S. Quarries employees that the investigating officer recorded at the scene. Thus, according to the B.S. Quarries Defendants the Report must be barred from trial. Plaintiff disagrees, and argues that the employees' statements contained in the Report are admissible under an exception to the hearsay rule. After careful review, the court agrees with the plaintiff.

The B.S. Quarries Defendants argue that the statements contained in the Report constitute hearsay under Federal Rule of Evidence 801(c) and

2

should be barred from admission. Rule 801(c) defines hearsay as a statement made outside of trial or hearing testimony offered in evidence for the truth of the matter asserted. The B.S. Quarries Defendants argue that the holding of Government of the Virgin Islands v. Krepps governs our decision here. 438 F. App'x 86 (3d Cir. 2010). In Krepps, the Third Circuit Court of Appeals held in a non-precedential opinion that a particular statement made to a police officer and included in his report was inadmissable hearsay. Id. at 88. Defendants emphasize that the Krepps court noted specifically that the witness in that case expressed uncertainty in the accuracy of her statement. Id.

We find Krepps inapposite to the instant case. In Krepps, the party seeking to admit the police report tried to admit it under the residual exception to hearsay, Federal Rule of Evidence 807, because the officer who created the report would have had no reason to lie. 438 F. App'x at 88. Here, however, the plaintiff seeks to admit the evidence in the Report as an opposing party's statement under Rule 801(d)(2)(D). The hearsay statements in the Krepps police report were made by disinterested third-party witnesses in a criminal case, not an opposing party to a civil matter. Thus, Krepps provides no guidance.

3

In this case, the parties do not dispute that the statements at issue in the Lanesboro Police Department Report were made by employees of the B.S. Quarries Defendants, co-workers of Wesley Sherwood. The statements clearly fall within Rule 801(d)(2)(D)'s scope as "statements that is not hearsay," because they are offered against an opposing party and were made by the party's employee on a matter within the scope of that relationship and while it existed. Plaintiff will only be allowed to introduce the Report if the statement is presented in its entirety–including the officer's impression that the employees who spoke with him were not "100% sure" about the cause of Sherwood's accident.

Moreover, we find the Report probative on the issues of the cause of the accident and whether the defendants improperly trained Wesley Sherwood to clear jams by kicking rocks to free them from the crusher's jaws. We find no unfair prejudice against Defendants because the statements were made by their own employees, it will be presented in context, and they are free to present evidence to rebut the Report as part of their defense.

Accordingly, B.S. Quarries Defendants' motion will be **DENIED**. An appropriate order follows.

**BY THE COURT:**

**DATE:6/14/16**

**s/ James Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**