IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULINE M. BAILEY,<br>Administrator of the Estate of Wesley<br>Sherwood, Jr.,<br>                Plaintiff<br><br>     v.<br><br>B.S. QUARRIES, INC.; DAMASCUS 535<br>QUARRY AND STONE PRODUCTS, LLC.;<br>TNT ONE LIMITED PARTNERSHIP;<br>LIPPMANN MILWAUKEE, INC.; LIPPMANN<br>QUALITY USED EQUIPMENT; VIRA<br>CORPORATION; TIMOTHY SMITH; and/or<br>THOMAS BOLLES,<br>                Defendants | No. 3:13cv3006<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is plaintiff's omnibus motion in limine regarding trial logistics. (Doc. 191). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted in part and denied in part.

**Discussion**

A pretrial conference has been scheduled, and in accordance with the court's rule, plaintiff filed a motion in limine seeking to preclude evidence from trial. (Doc. 191). Plaintiff's motion seeks the following:

1. Time to speak in opening and closing equivalent to the total amount of time allotted to all defendants;

2. That the court charge the jury prior to any closing argument;

3. Use of exhibits during opening;

4. Preclusion of testimony of non-disclosed expert witnesses;

5. Preclusion of expert testimony beyond the scope of his expert report;

6. Preclusion of defense counsel from using any of plaintiff's counsel's technology at trial;

7. Preclusion of testimony concerning "indemnity and/or contribution";

8. Preclusion of any reference to plaintiff's punitive damage claim during the "first stage" of trial[1];

9. Preclusion of any reference to intentional acts or acting with evil motive as a criterion for an award of punitive damages;

10. Preclusion of any reference to defendant's net worth during the "compensatory damage" phase of trial[2];

11. Preclusion of any reference to plaintiff's retaining a jury consultant, participating in a mock jury prior to trial, and/or plaintiff's counsel's "advertisements";

---

[1] Plaintiff seeks preclusion of any reference to punitive damages during the "first stage" of trial. The court, however, will not bifurcate the trial into separate liability and damages phases. (Docs. 245, 246, and 247). As such, evidence on all issues, including punitive damages, will be received during the testimony phase of trial.

[2] See n. 1, supra.

12. Preclusion of any reference regarding insurance benefits paid to plaintiff;

13. Preclusion of any reference to settlement negotiations;

14. Preclusion of any reference to fees plaintiff's experts received for testifying in other cases; and

15. Preclusion of any reference to "family members" in the courtroom.

Prior to addressing the substantive issues, the court will address plaintiff's implied assertions raised in number 6–"Plaintiff seeks to have Defense Counsel and Defendants generally [precluded] from making use of any of Plaintiff Counsel's technology that Counsel may use at time of trial." (Doc. 191 ¶ 18).

All parties, including counsel, are expected to act collegially and not be antagonistic. Oftentimes, the sharing of technology during a trial results in a smoother and expeditious presentation of the evidence for both the judge and jury. The parties are directed to cooperate at trial.

We note that this litigation has been marked by acrimonious relations between the attorneys. They have clogged the docket with numerous motions for discovery and the court has held at least seven (7) telephonic discovery conferences. Counsel must make a more concerted

attempt to be collegial. Acrimonious relations merely serve to make the proceedings more confusing and difficult for everyone involved. **WE CONDEMN THIS TYPE OF CONDUCT. IT IS UNPROFESSIONAL AND WILL NOT BE TOLERATED.**

All counsel are reminded that when admitted to practice before this court attorneys must subscribe to the Middle District Code of Professional Conduct, which provides, *inter alia*, "I will treat with civility and respect the lawyers . . . with whom I work," and "I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense." (Middle District Code of Professional Conduct ¶¶ 2, 6). The parties will proceed through the remainder of this case in a civil and collegial matter. The court and jury expect no less. I hope it will not be necessary to remind counsel of their obligations before the jury.

Regarding this motion's substantive issues, federal law guides the court's analysis. Federal law provides that relevant evidence is generally admissible. FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The

law provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing in limine rulings for abuse of discretion).

In the instant matter, the court directs the parties to address the logistical issues, in the first instance, at the conference of attorneys that will precede the pre-trial conference. The court, however, will make the following rulings regarding the more substantive issues.

First, the court will apply Pennsylvania state law regarding punitive damages. Specifically, the Pennsylvania Supreme Court has held that punitive damages may be awarded in negligence cases

> . . . if the plaintiff proves greater culpability than ordinary negligence at trial. In Hutchison, the court stated that while a showing of ordinary negligence cannot support a punitive damages award, "neither is there anything in law or logic to prevent the plaintiff in a case sounding in negligence from undertaking the additional burden of attempting to prove . . .

> that the defendant's conduct not only was negligent but that the conduct was also outrageous," such that it warrants punitive damages.

Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., 801 F.3d 347, 358 (3d Cir. 2015), quoting Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 773 (Pa. 2005).

In Pennsylvania, "[t]he state of mind of the actor is vital in determining whether punitive damages may be awarded. . . . [T]o justify an award of punitive damages, the fact-finder must determine that the defendant acted with a culpable state of mind, i.e., with evil motive or reckless indifference to the rights of others." Brand Mktg. Grp. LLC, 801 F.3d at 360 (internal quotes omitted).

"It takes a special type of recklessness to justify punitive damages in Pennsylvania." Id. A punitive damages claim must be supported by evidence sufficient to establish that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. (quoting Hutchison, 870 A.2d at 772). "That 'conscious disregard' is critical: an appreciation of the risk is a necessary element of the mental state required for the imposition of [punitive] damages." Brand Mktg. Grp. LLC, 801 F.3d at 360 (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 n.12 (Pa. 1985)).

Second, the court will preclude from trial any fees that experts received in other cases where more than three years have elapsed. We find that the fees that the experts received in this case and other cases over the past three years may be relevant to establish bias and may affect the manner in which the jury views the witnesses's credibility. The probative value of this information is not substantially outweighed by its unfair prejudicial effect. FED. R. EVID. 403.

Third, the court will preclude defendants from referencing or identifying to the jury any non-party family members in the court room, whether they have a financial interest in the outcome of the case or not. If they have evidence to offer relevant to any claim or defense in the case, the parties can call them as witnesses.

Finally, the court will grant as unopposed plaintiff's motion regarding preclusion of: (1) testimony concerning indemnity and/or contribution; (2) any reference to plaintiff's retaining a jury consultant, participating in a mock jury prior to trial, and/or plaintiff's counsel's "advertisements"; (3) any reference regarding insurance benefits paid to plaintiff; and (4) any reference to settlement negotiations.

**Conclusion**

Based upon the above reasoning, plaintiff's motion in limine regarding trial logistics will be granted in part and denied in part. The court will grant the motion, as unopposed, regarding the following issues: (1) testimony concerning indemnity and/or contribution; (2) any reference to plaintiff's retaining a jury consultant, participating in a mock jury prior to trial, and/or plaintiff's counsel's "advertisements"; (3) any reference regarding insurance benefits paid to plaintiff; and (4) any reference to settlement negotiations.

The court will deny plaintiff's motion pertaining to expert witness compensation to the extent that the parties may introduce the amount of compensation the parties' experts received in this case and all fees experts received in other cases, limited to the past three years. The court will grant plaintiff's motion and preclude all parties from referring to or identifying to the jury any of the decedent's non-party family members in the courtroom. The court will apply Pennsylvania state law regarding punitive damages. The remainder of the issues will be addressed at a more appropriate time prior to trial or by way of objection at trial.[3] An

---

[3] For example, an objection may be appropriate if an expert testifies beyond the fair scope of his report or a party tries to present an

appropriate order follows.

Date: **6/16/16**                                   **s/ James Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**

---

undisclosed expert witness.