# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULINE M. BAILEY | : | No. 3:13cv3006 |
| Administrator of the Estate | : | |
| of Wesley Sherwood, Jr., | : | (Judge Munley) |
|            Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| B.S. QUARRIES, INC., | : | |
| DAMASCUS 535 QUARRY AND | : | |
| STONE PRODUCTS, LLC.; TNT | : | |
| ONE LIMITED PARTNERSHIP; | : | |
| TNT SERVICES, CORP.; | : | |
| LIPPMANN MILWAUKEE, INC.; | : | |
| LIPPMANN QUALITY USED | : | |
| EQUIPMENT; VIRA | : | |
| CORPORATION; TIMOTHY | : | |
| SMITH; AND/OR THOMAS | : | |
| BOLLES, | : | |
|            Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the B.S. Quarries Defendants'[1] motion in limine to preclude from trial a report drafted by the United States

---

[1] For purposes of simplicity and clarity, we adopt the parties' terminology and refer to Defendants B.S. Quarries, Inc.; Damascus 535 Quarry and Stone Products, LLC; and TNT One Limited Partnership collectively as the "B.S. Quarries Defendants." Similarly, we refer to Defendants Lippmann Milwaukee, Inc.; Lippmann Quality Used Equipment; and Vira Corporation collectively as the "Lippmann Defendants."

1

Department of Labor regarding the accident which caused Wesley Sherwood, Jr.'s death. The motion has been fully briefed and is ripe for disposition.

**Background**

The United States Department of Labor - Mine Safety and Health Administration performed an investigation of the accident involved in the instant litigation and drafted a report (hereinafter "MSHA report" or "report"). The report concludes as follows:

> The accident occurred due to management's failure to establish policies and procedures ensuring the safety of persons performing work activities at or near the jaw crusher. The jaw crusher was not de-energized, locked and tagged out, and blocked against motion prior to persons performing work around the feed opening. Management failed to establish procedures ensuring persons could safely access the feeder from the viewing platform or from ground level. To gain access to the feeder, Sherwood had to climb out from the protective railing system, on the provided platform, and cross the jaw feed opening to reach the feeder deck. Additionally, Sherwood had 14 weeks of experience and did not receive training in accordance with 30 CFR Part 46.

(Doc. 172-3, Report at 8). The B.S. Quarries Defendants move to preclude this report from evidence at trial. They seek to prevent any party from offering any evidence, testimony and/or argument regarding the report and

to prevent any party from making any reference to it. The plaintiff and the Lippmann Defendants both oppose the motion.

**Discussion**

Generally, relevant evidence is admissible unless the law provides otherwise. FED. R. EVID. 402. The law provides that hearsay evidence is not admissible unless a hearsay exception exists. FED. R. EVID. 802. Hearsay is a statement that a declarant does not make while testifying that a party offers in evidence to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c).

Here, the MSHA report is hearsay. Thus, it is inadmissible unless a hearsay exception covers it. The report is public record and a hearsay exception exists that applies to public records, Rule 803(8) of the Federal Rules of Evidence. This rule applies to "[a] record or statement of a public office if: (A) it sets out: . . . factual findings from a legally authorized investigation; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Id.

With respect to the report at issue, the parties evidently agree that the evidence is relevant. The issue is whether it is admissible over a hearsay objection. Here, the B.S. Quarries Defendants challenge the

admissibility of the report. Thus, under Rule 803(8), they must show that the source of information or other circumstance indicate a lack of trustworthiness.

The Third Circuit Court of Appeals has explained that "[T]he party objecting to inclusion [must] make an affirmative showing that the proffered evidence is untrustworthy." United States v. Versaint, 849 F.2d 827, 832 (3d Cir. 1988). Some factors that courts examine in determining whether the report is untrustworthy include: "(1) the timeliness of the investigation; (2) the special skill or experience of the investigators; and (3) any possible motivation problems." Kennedy v. Joy Tech., Inc., 269 F. App'x 302, 309 (4th Cir. 2008). Other matters that may be examined in assessing the evidence's trustworthiness include "unreliability, inadequate investigation, inadequate foundation for conclusion, and invasion of the jury's province." Id. 309-10 (internal quotation marks and brackets omitted).

Here, no argument is made with regard to the timeliness of the investigation, the skill or experience of the investigators or any motivation problems. Rather, the B.S. Quarries Defendants argue that the investigation was inadequate, its conclusions not properly supported and that it invades the jury's province in deciding the facts of the case. We find

that the moving defendants have not demonstrated untrustworthiness.

The report itself sets forth that the "accident investigation team traveled to the mine, conducted a physical inspection of the accident scene, interviewed employees, and reviewed conditions and work procedures relevant to the accident. . . . The MSHA conducted the investigation with the assistance of mine management and employees, local and state law enforcement personnel, and rescue agencies." (Doc. 172-3, Report at 5). Plaintiff has presented copies of the investigatory field notes which sets forth the various interviews and methods of investigation. (Doc. 231-2).

The moving defendants do not adequately challenge these investigative measures as unreliable or inadequate. As noted above, the defendants must make an affirmative showing that the proffered evidence is untrustworthy. The defendants simply have not met this burden. They have attacked the conclusions found in the report, but a disagreement as to the conclusions does not lead to exclusion of the evidence. Rather, the B.S. Quarries Defendants will be able to present their own witnesses regarding the manner in which the accident occurred, and argue their version of the facts is correct. Thus, we find that this evidence is

5

admissible over a hearsay objection.

Next, the B.S. Quarries Defendants argue that even if the evidence is admissible it should be excluded as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence.  Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   We find that the evidence's probative value is not substantially outweighed by its prejudicial effect.  As noted above, the defense will be able to present their position through direct examination and cross examination of witnesses and argument to the jury.  The conclusions of which the B.S. Quarries Defendants complain can be effectively challenged in this manner without undue prejudice.   An appropriate order follows.

**Date: June 16, 2016**            s/ James M. Munley
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**